625 P.2d 582

**In the Matter of Harold M. MORGAN, Esquire.**

**No. 13231.**

Supreme Court of New Mexico.

Aug. 14, 1980.

Harold M. Morgan, pro se and N. Tito Quintana, Albuquerque, for applicant.

William A. Gilbert, Chief Bar Counsel, Santa Fe, for Disciplinary Bd.

DISCIPLINARY PROCEEDING

SOSA, Chief Justice.

THIS MATTER having come on for hearing upon the report and recommendation of the Disciplinary Board, the Applicant appearing in person, and by N. Tito, Quintana, Esquire, his attorney, and the Board appearing by its Chief Disciplinary Counsel; and the Court being fully advised.

IT IS ORDERED that the Respondent, Harold M. Morgan, be and he hereby is reinstated to admission to practice law in all of the courts of this state (subject to payment of regular Bar dues and assessments) upon the following conditions:

A. That for period of six months from date, he shall not act as legal counsel *except as hereinafter specifically permitted* for any business client where he has a direct or indirect financial or personal interest in the client other than fixed salary as an investor, owner or employee. The foregoing condition, however, shall not preclude his practicing law in strict compliance with the Code of Professional Responsibility—Canons of Ethics where:

(1) He is sole proprietor of the business enterprise; or

(2) Where the business client is a corporation whose stock is publicly traded in New Mexico; or

(3) Where the legal services in question are rendered to the clients of a lawfirm practicing as a professional corporation and wherein his only direct or indirect, financial or personal interest is as an employed associate or stockholder-partner in or "of counsel" to the lawfirm; or

(4) Where the professional services have to do with representing his client in the prosecution or defense of pending litigation in a court of law; or

(5) Where he is evaluating titles or legal principles for the client's exclusive, confidential use in the purchase or contemplated purchase (but not the sale or encumbrance) of properties, or completing administrative details of the transfer of title to properties to (but not

from) the client after the purchase thereof.

B. That during the period specified above, he practice in association with or under the supervision of a licensed New Mexico attorney, and that·at the end of the specified period, such associated or supervising attorney shall verify his opinion that the Respondent has complied with the conditions set forth in paragraph A above by writing filed with the Court in this cause.

IT IS FURTHER ORDERED that costs of this proceeding in the amount of $339.98 be and they hereby are assessed against the Applicant.